IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| GREGORY HALPERN, | Case No. 3:25-cv-50327 |
| Plaintiff, | |
| v. | Honorable Iain D. Johnston |
| JEROME POWELL, et al. | |
| Defendants. | |

**OPINION AND ORDER**

**I.     Procedural Background**

Plaintiff Gregory Halpern has brought nine counts against Federal Reserve Chair Jerome Powell, the Board of Governors of the Federal Reserve System, and eleven named regional Federal Reserve Banks: those of New York, Chicago, Atlanta, Boston, Cleveland, Dallas, Kansas City, Minneapolis, Philadelphia, Richmond, and San Francisco. Complaint at 4.[1] In his complaint, Halpern brings counts entitled: (i) declaratory relief; (ii) tortious economic injury; (iii) RICO; (iv) intentional infliction of emotional distress; (v) fraud and deceptive practices; (vi) violation of separation of powers; (vii) Tenth Amendment overreach; (viii) common law conspiracy to defraud; and (ix) sedition and civil conspiracy. *Id.* at 8-26.

---

[1] The complaint begins on page 9 of dkt. 2. Halpern states in his complaint that "each of the 12" regional Federal Reserve Banks are named, however he did not actually name the Federal Reserve Bank of St. Louis. This apparent oversight does not change the Court's ruling.

Halpern initially filed his complaint in the Circuit Court of McHenry County, Illinois. *Id.* at 1. The action was removed by motion of all defendants pursuant to 28 U.S.C. § 1442. *Id.* at 2. Powell and the Board of Governors have since moved to dismiss on the basis of Rule 12(b)(6), while the Federal Reserve Banks have moved to dismiss on the basis of Rule 8, 12(b)(2), and 12(b)(6). Dkts. 39, 44.

## II.  Legal Standard

Before determining the merits of Defendants' motions, this Court—as with all federal courts—must ensure it is capable of hearing the dispute. Federal courts are limited to deciding only actual "Cases" or "Controversies." U.S. Const. art. III § 2. Article III standing is an essential element to federal subject-matter jurisdiction that courts are duty-bound to address at the outset of a case. *Bazile v. Finance Sys. Of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *see also In re Deere & Co.*, 703 F. Supp. 862, 873 (N.D. Ill. 2023). At the pleading stage, the plaintiff need not prove it has standing, but it must allege facts sufficient to plausibly allege standing. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896-97 (7th Cir. 2018).

Three requirements are necessary for Article III standing: first, the plaintiff must have an injury in fact—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; second, there must be a causal connection between the injury and the conduct complained of: the injury must be fairly *traceable* to the challenged action of

the defendant, and not the result of the independent action of some third party not before the court; and third, it must be likely—as opposed to merely speculative— that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n. 1. It is concrete if it is "real," not abstract. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (internal citations omitted). Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, threadbare recitals of the elements of Article III standing, supported by mere conclusory statements, do not suffice. *KL3, LLC v. United States*, 176 Fed.Cl. 657, 668 (2025); *Kan. Nat. Res. Coal. v. United States Dep't. of Interior*, 971 F.3d 1222, 1231 (10th Cir. 2020); *Kareem v. Haspel*, 986 F.3d 859, 865-66 (D.C. Cir. 2021).

### III. Analysis

Halpern has failed to plausibly allege either a concrete or particularized injury sufficient to bring a suit under Article III.

Halpern's attempts to establish standing fall well short of even the low bar required at the pleading stage. Merely stating that "[a] real and justiciable controversy exists between Plaintiff and Defendants regarding the legality, structure, and authority of the Federal Reserve System…" is nothing more than a threadbare recital of Article III standing. *Id.* at 16; *see Iqbal*, 556 U.S. at 678.

3

The closest Halpern comes to identifying a particularized harm is his alleged "erosion of long-term investment value; reduction in retirement and health savings; inflation-driven increases in cost of living; and loss of confidence and stability in monetary systems once presumed to be lawful and fair" in multiple counts.[2] However, this too falls short of that standing required of Article III. Indeed, his alleged injury is not alleged to be personal or individual in any way. Rather, it is shared by all of America. Put another way, Halpern seeks to hold the banks responsible for inflation. This is a generalized harm beyond the scope of Article III. It is shared by "millions of Americans." Halpern even admits as much. *See* Complaint [2] at 16 ("... without congressional authorization, legislative oversight, or accountability to *the American people*." (emphasis added); *see also* Complaint [2] at 17 ("intentionally and foreseeably inflicted financial harm on the Plaintiff *and the broader class of working, taxpaying Americans*.") (emphasis added); *see also* Complaint [2] at 22-23 ("Their... concealment of private financial governance have inflicted emotional and psychological trauma on *millions of Americans*, including Plaintiff.") (emphasis added).

Finally, Halpern's lack of individuation within his counts makes clear that his complaint contains only generalized grievances unable to support Article III standing. He has alleged nothing that happened to him distinct from something that happened to every member of the American public. Although he brings wide-

---

[2] The complaint puts different verbiage on the same alleged harms in the various counts, including "destruction of purchasing power," "erosion of faith in markets," and "creation of a centralized economic dictatorship." Each spin brings about the same result.

4

ranging counts against *eleven* Federal Reserve banks in addition to Powell and the Board of Governors, he does not so much as even attempt to differentiate his claims between these regional banks or individuals as to how any *one* of them has harmed him. Rather, he claims that *all* of these banks and individuals are conspiring to commit some sort of mass tort (i.e., inflation) on the *entire* public, but without particularized harm to anyone. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 n. 7 (2016). This is not the sort of "Case" or "Controversy" imagined by Article III. 15 Moore's Federal Practice § 101.40. Halpern lacks standing to bring such a claim.

Generally, a matter removed to federal court from state court that is subsequently dismissed for lack of subject-matter jurisdiction must be remanded to state court. 28 U.S.C. § 1447(c). However, when federal courts possess original jurisdiction and remand would be futile as a matter of federal law, dismissal is appropriate. *See generally*, *Porch-Clark v. Englehart*, 930 F.Supp.2d 928, 938 (N.D. Ill. 2013), *aff'd* 547 F.App'x 782 (7th Cir. 2013); *see also Thompson v. Army & Air Force Exch. Serv.*, 125 F.4th 831, 835 n. 4 (7th Cir. 2025); *Halpern v. United States, et. al.*, No. 25-cv-50353 at dkt. 51 (N.D. Ill. Nov. 18, 2025). The Federal Reserve defendants possess an absolute right to remove under 12 U.S.C. § 632. Powell and the Board of Governors possess an absolute right to remove under 28 U.S.C. § 1442. Thus, remand would be circular and futile.

## IV. Conclusion

For the above reasons, the matter is dismissed without prejudice. Halpern is provided until January 15, 2026 to file an amended complaint. If an amended

5

complaint is not received by that date, or if the amended complaint fails for the same reasons as described above, the civil case will terminate.

Defendants' motions to dismiss [39] and [44] are denied as moot. Halpern's outstanding motion to vacate an order extending a deadline [32] is also denied as moot.

Entered: December 17, 2025          By: _____
Iain D. Johnston
U.S. District Judge